UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS TOOLEY,<br>an individual,<br><br>       Plaintiff,<br>vs.<br><br>JUICY SEAFOOD INDY INC,<br>an Indiana Corporation,<br><br>and<br><br>AQUA BAY, LLC,<br>an Indiana Limited Liability Company,<br><br>       Defendants. | CASE NO.: 1:25-cv-1753 |

## COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues JUICY SEAFOOD INDY INC, an Indiana Corporation and AQUA BAY, LLC, an Indiana Limited Liability Company for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, JUICY SEAFOOD INDY INC, (hereinafter referred to as "Defendant"), is an Indiana Corporation registered to do business in the State of Indiana. Upon information and belief, Defendant is the lessee and/or operator of the real property and improvements, which is the subject of this action, to wit: the "Property", The Juicy Seafood Restaurant & Bar, located at 2801 Lake Cir Dr, Indianapolis, IN 46268. Defendant is responsible for complying with the obligations of the ADA.

7. Defendant, AQUA BAY, LLC, (hereinafter referred to as "Defendant"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner of the real property and improvements, which is the subject of this action, to wit: the "Property", which includes The Juicy Seafood Restaurant & Bar, located at 2801 Lake Cir Dr, Indianapolis, IN 46268. Defendant is responsible for complying with the obligations of the ADA.

8. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

9. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

10. The Property, which includes a seafood restaurant, is open to the public and provides goods and services to the public.

11. Plaintiff MR. TOOLEY has visited the Property several times over the past two (2) years and attempted to utilize the goods and services offered at the Property because he enjoys the fresh seafood served there. MR. TOOLEY last visited the Property in mid-August 2025, and plans to return to the Property in the near future when he intends to be in the area to visit with friends and business associates nearby.

12. While at the Property during each of his recent visits, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

13. MR. TOOLEY continues to desire to visit the Property because he enjoys the food served there, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

14. Defendants are in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and which reduced Plaintiff's access to the Property:

    A. Plaintiff encountered numerous inaccessible parking spaces designated for disabled use near the entrance of the restaurant which were not accessible

        due to a lack of proper signage to identify the spaces as exclusively for disabled use (or in some instances inadequate signs which were mounted too low where they were obstructed by parked vehicles). This issue made it difficult for Plaintiff to recognize and use the disabled parking spaces and fails to discourage some able-bodied patrons from parking in those spaces.

    B.    Plaintiff encountered numerous inaccessible parking spaces designated for disabled near the restaurant entrance due to a lack of marked access aisles adjacent to the intended ADA spaces. These conditions made it difficult and dangerous for Plaintiff to park in and safely utilize the disabled use parking spaces during his visits.

    C.    Plaintiff encountered inaccessible routes from the intended ADA parking spaces to the restaurant entrance due to ramps with steep running slopes, steep side flares, disrepair and lack of smooth transitions. Additionally, the entrance door to the restaurant lacks a level landing due to a slope that leads up to the door. These issues made it difficult and dangerous for Plaintiff to maneuver from his vehicle to the sidewalk and into the restaurant during his visits.

15.    Plaintiff has visited the entire public premises described herein and encountered numerous barriers throughout. These barriers greatly reduced the Plaintiff's ability to access the goods and services available at the Property and made his visits difficult and dangerous.

16. Independent of his intent to return as a patron to the Property because he enjoys the food served there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendants is in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: September 4, 2025

Respectfully Submitted,

By: *Louis I. Mussman*            .
Louis I. Mussman, Esq.
Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana 46237
Tel: (317) 750-8503
ebohnet@gmail.com